# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **E.E., M.M., and K.A.**

**No. 18-0240** (Wood County 17-JA-150, 151, and 152)

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.H., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's January 18, 2018, order terminating her parental rights to E.E., M.M., and K.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin S. Bonovitch, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent as to M.M. and K.A. and terminating her parental rights to those children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 6, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that petitioner and E.E. lived in a homeless camp near a river for approximately two to three weeks. The petition also alleged that petitioner and E.E. were extremely dirty, E.E. had cigarette burns on her face, and petitioner's arms and face were covered in sores. Petitioner admitted to DHHR workers that she abused drugs and used methamphetamine.[3] Petitioner waived her preliminary hearing. On July 14, 2017, the circuit court held an adjudicatory hearing. Petitioner stipulated that her drug abuse impaired her ability to properly supervise and parent her children

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner raises no argument in regard to the circuit court's rulings concerning E.E. As such, these rulings are not at issue on appeal.

[3]In addition to the allegations of the abuse of E.E., the petition also alleged the abuse of petitioner's two older children, M.M. and K.A.

1

and was adjudicated as an abusing parent in regard to all three children. Petitioner was granted a post-adjudicatory improvement period.

On September 11, 2017, the circuit court held a review hearing at which the DHHR presented evidence that petitioner's whereabouts were unknown since the adjudicatory hearing. However, a DHHR worker believed that petitioner was again living in the homeless camp. Petitioner failed to contact the DHHR and took one drug screen on the day of the adjudicatory hearing, which was positive for marijuana and amphetamines. On January 12, 2018, the circuit court held a dispositional hearing. Petitioner requested a continuance of the hearing and a post-dispositional improvement period, both of which the circuit court denied. The DHHR presented evidence that petitioner failed to obtain appropriate housing or participate in any services or visits with the children. The circuit court found that petitioner "has not had any contact with the [DHHR], her attorney, service provider[,] or her children until today." The circuit court also found that petitioner was in "no position to parent her children . . . and has done nothing . . . to correct the situation which led to the filing of the petition." Ultimately, the circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. Petitioner's parental rights were terminated in the circuit court's January 18, 2018, order.[4] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in adjudicating her an abusing parent as to M.M. and K.A. because the petition did not contain specific allegations of abuse and neglect regarding those two children and because there was no evidence that those two children were

---

[4]According to the DHHR, the permanency plan for E.E. is legal guardianship or adoption by the maternal grandmother. M.M. resides with his non-abusing father who has full custody. K.A. lives with her grandmother and her non-abusing father retains his parental rights.

abused or neglected. However, a review of the record indicates that petitioner did not object to the circuit court's order finding that M.M. and K.A. were abused children, nor did she otherwise seek to dismiss the petition in regard to those children for failure to adequately allege abuse and/or neglect. As such, petitioner has waived her right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ( "This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). Accordingly, the Court finds that petitioner is entitled to no relief in this regard.

Further, petitioner argues that the circuit court erred in terminating her parental rights to M.M. and K.A. due to the erroneous adjudication as to those two children. However, as discussed above, the circuit court did not err in adjudicating petitioner as an abusing parent in regard to M.M. and K.A. Thus, it was not prevented from proceeding to disposition in regard to them. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, petitioner's whereabouts were unknown for the majority of the proceedings, she failed to comply with drug screens and services, and did not obtain appropriate housing. Petitioner screened for substances once and tested positive for marijuana and amphetamines. She also made no attempts to contact the DHHR or her attorney until the day of the dispositional hearing. The circuit court noted that petitioner "is in no position to parent her children at this time and she has done nothing . . . to correct the situation which led to the filing of the petition. She has no contact with [E.E.], she has no visitations, and no clean drug screens." Based upon this evidence, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination of her parental rights was in the children's best interests. Therefore, we find no error in the termination of petitioner's parental rights.

Lastly, because E.E.'s father's abuse and neglect proceedings are ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

3

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 18, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating